## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

KENNETH D. McRAE,          )
                                 )
                Plaintiff,    )
                                 )
vs.                           )      Case No. 20-1194-KHV-KGG
                                 )
HOPE PROPERTIES, INC.,      )
                                 )
                Defendant.   )
_____)

## MEMORANDUM & ORDER ON
## MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES
## AND MOTION FOR APPOINTMENT OF COUNSEL

In conjunction with his federal court Complaint alleging violations of the CARES Act (Doc. 1), Plaintiff Kenneth D. McRae has also filed an Application to Proceed Without Prepaying Fees or Costs ("IFP application," Doc. 3, sealed) with a supporting financial affidavit (Doc. 3-1). Plaintiff also filed a motion requesting appointment of counsel. (Doc. 4.) After review of Plaintiff's motion, as well as the Complaint, the Court **GRANTS** the IFP application (Doc. 3) but **DENIES** the request for counsel (Doc. 4).

### A.    Background.

Plaintiff brings this matter to federal court alleging that his landlord has violated the moratorium on evictions included in the Coronavirus Aid, Relief, and

Economic Security Act (the "CARES Act"), which was passed into law in March 2020. The moratorium applies to leased properties that participate in certain specified federal programs or have a mortgage loan that is federally-backed. *See* CARES Act, P.L. 116-136, 134 Stat. 281, § 4022(c)(2) and § 4024(b)(1) (Mar. 27, 2020).

The moratorium went into effect on March 27, 2020, and extends through July 25, 2020. During the 120-day moratorium, landlords are prohibited from filing new eviction actions for the failure to pay rent. They are also prohibited from charging penalties and late fees resulting from the nonpayment of rent. Further, landlords may not accumulate such charges or fees and require residents to pay them once the moratorium expires.

Plaintiff alleges his landlord, the Defendant, initiated an eviction against him in Sedgwick County District Court on June 27, 2020. (*See* Doc. 1, at 4.) Plaintiff further alleges that a hearing occurred in Sedgwick County District Court on July 6, 2020, at which time the presiding judge took the issue under advisement (*Id.*, at 4, 5.) Plaintiff, who contends his race and medical condition make him "very susceptible" to the COVID virus, seeks monetary damages relating to "emotional trauma" as well as for the alleged violations of his "civil rights" and "human rights." (*Id.*, at 4.)

**B.     Motion to Proceed IFP.**

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means.  28 U.S.C. § 1915(a).  "Proceeding in forma pauperis in a civil case 'is a privilege, not a right – fundamental or otherwise.'"  *Barnett v. Northwest School*, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).  The decision to grant or deny in forma pauperis status lies within the sound discretion of the court.  *Cabrera v. Horgas*, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999).

There is a liberal policy toward permitting proceedings in forma pauperis when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.  *See generally*, *Yellen v. Cooper*, 828 F.2d 1471 (10th Cir. 1987).  In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.  See *Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); *Webb v. Cessna Aircraft*, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In the supporting financial affidavit, Plaintiff indicates he is 56 and single with no dependents.  (Doc. 3-1, sealed, at 1-2.)  Plaintiff is currently unemployed, and lists no prior employment of any kind.  (*Id.*, at 2-3.)  His only listed source of

3

income is Welfare as well as a small loan from his sister.  (*Id.*, at 4-5.)  He does not own real property but does have two automobiles with limited residual value.  (*Id.*, at 3-4.)  He lists a no cash on hand or savings.  (*Id.*, at 4.)  He lists a modest amount for monthly rent as well as reasonable amounts for various utilities.  (*Id.*, at 5.)  Plaintiff apparently owes a sizeable amount to the Sedgwick County District Court for which he is making minimal monthly payments.  He has previously filed for bankruptcy.  (*Id.*, at 6.)

The Court finds that, based on the information provided, Plaintiff's access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs.  The Court thus **GRANTS** Plaintiff leave to proceed *in forma pauperis*. (Doc. 3, sealed.)

## C.    Request for Counsel.

Also pending before the Court is Plaintiff's request for appointment of counsel.  (Doc. 4.)  The Court notes that there is no constitutional right to have counsel appointed in civil cases such as this one.  ***Beaudry v. Corr. Corp. of Am.***, 331 F.3d 1164, 1169 (10th Cir. 2003).  "[A] district court has discretion to request counsel to represent an indigent party in a civil case" pursuant to 28 U.S.C. § 1915(e)(1).  ***Commodity Futures Trading Comm'n v. Brockbank***, 316 F. App'x 707, 712 (10th Cir. 2008).  The decision whether to appoint counsel "is left to the

sound discretion of the district court." *Lyons v. Kyner*, 367 F. App'x 878, n.9

(10th Cir. 2010) (citation omitted).

The Tenth Circuit has identified four factors to be considered when a court is

deciding whether to appoint counsel for an individual:  (1) plaintiff's ability to

afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of

plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without

the aid of counsel.  *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985)

(listing factors applicable to applications under the IFP statute); *Castner v.*

*Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing

factors applicable to applications under Title VII).  Thoughtful and prudent use of

the appointment power is necessary so that willing counsel may be located without

the need to make coercive appointments.  The indiscriminate appointment of

volunteer counsel to undeserving claims will waste a precious resource and may

discourage attorneys from donating their time.  *Castner*, 979 F.2d at 1421.

Based on the analysis relating to Plaintiff's *IFP* motion, *supra*, Plaintiff's

financial situation would make it impossible for him to afford counsel.  The second

factor is Plaintiff's diligence in searching for counsel.  Plaintiff has used the form

motion provided by this District which clearly indicates that "before seeking an

appointed attorney, a plaintiff confer with (not merely contact) at least five

attorneys regarding legal representation."  (Doc. 4.)  Plaintiff lists only 3 attorneys

contacted, and it appears from the information provided that the did not actually "confer" with all of the listed attorneys.

In this situation, the Court may require a plaintiff to revisit this process and confer with the requisite number of attorneys.  Based on the remaining analysis herein, the Court finds this to be unnecessary.

The next factor is the viability of Plaintiff's claims in federal court.  *See McCarthy*, 753 F.2d at 838-39 (10th Cir. 1985); *Castner*, 979 F.2d at 1421. The Court has serious concerns as to whether the CARES Act provides a private cause of action for which Plaintiff may seek monetary damages.  *See Profiles, Inc. v. Bank of America, Corp.*, No. SAG-20-0894, 2020 WL 1905694, at * (D. Md. April 17, 2020) (holding that "because the CARES Act is just a weeks-old law, no other court has addressed whether it contains an implied private right of action," but acknowledging that "several courts have found that provisions of the SBA, which was amended by Title I of the CARES Act, do not contain a private right of action) (citing *Bulluck v. Newtek Small Bus. Fin., Inc.*, No. 19-10238, 2020 WL 1490702 (11th Cir. Mar. 27, 2020) (*per curiam*); *Crandal v. Ball, Ball and Brosamer, Inc.*, 99 F.3d 907 (9th Cir. 1996)).  That stated, the Court finds that injunctive relief may be available to Plaintiff in federal court.  As such, this factor weighs in Plaintiff's favor.

The Court's analysis thus turns to the final factor, Plaintiff's capacity to prepare and present the case without the aid of counsel.  *Castner*, 979 F.2d at 1420-21.  In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts.  *Id*., at 1422. The Court notes that the factual and legal issues in this case are not unusually complex.  *Cf. Kayhill v. Unified Govern. of Wyandotte*, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were "not complex").

The Court sees no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* on various types of claims in Courts throughout the United States on any given day.  Although Plaintiff is not trained as an attorney, and while an attorney might present this case more effectively, this fact alone does not warrant appointment of counsel.  As such, the Motion to Appoint Counsel (Doc. 4) is **DENIED**.

IT IS THEREFORE ORDERED that Plaintiff's motion for IFP status (Doc. 3) is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff's motion for appointment of counsel (Doc. 4) is **DENIED**.

IT IS FURTHER ORDERED that the Clerk's office shall proceed to issue summons in this case.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 24th day of July, 2020.

s/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge