# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

KENNETH D. McRAE, )
)
        Plaintiff, )
)
vs. ) Case No. 20-1194-KHV-KGG
)
HOPE PROPERTIES, )
)
        Defendants. )
)

## MEMORANDUM & ORDER DENYING
## MOTION TO APPOINT COUNSEL

Plaintiff Kenneth McRae's federal court Complaint (Doc. 1), filed *pro se*, ostensibly alleges violations of his civil rights. Plaintiff recently filed a second Motion to Appoint Counsel.[1] (Doc. 17.) After review of Plaintiff's motion, as well as his prior submissions, the Court **DENIES** Plaintiff's request for counsel.

## BACKGROUND

The Court previously summarized Plaintiff's claims in its Order on his prior request for counsel. (Doc. 6, at 1-2.) That background is incorporated by reference. Plaintiff's present motion enumerates a list of grievances against

---

[1] The Court notes that Plaintiff's motion also seeks injunctive relief against Defendant. (Doc. 17, at 5.) This portion of Plaintiff's motion will be addressed by the District Court by separate Order.

1

Defendant relating to his eviction, including the alleged intimidation of himself and other witnesses, and the allegedly improper towing of Plaintiff's car. (See generally Doc. 17.)

## ANALYSIS

As an initial matter, the Court reminds Plaintiff that there is no constitutional right to have counsel appointed in civil cases such as this one. **Beaudry v. Corr. Corp. of Am.**, 331 F.3d 1164, 1169 (10th Cir. 2003). "[A] district court has discretion to request counsel to represent an indigent party in a civil case" pursuant to 28 U.S.C. § 1915(e)(1). **Commodity Futures Trading Comm'n v. Brockbank**, 316 F. App'x 707, 712 (10th Cir. 2008). The decision whether to appoint counsel "is left to the sound discretion of the district court." **Lyons v. Kyner**, 367 F. App'x 878, n.9 (10th Cir. 2010) (citation omitted).

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. **McCarthy v. Weinberg**, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); **Castner v. Colorado Springs Cablevision**, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII). Thoughtful and prudent use of

2

the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner*, 979 F.2d at 1421.

Plaintiff's motion does not address his financial inability to afford counsel, one of the *Castner* factors enumerated above. The Court has, however, considered Plaintiff's financial situation in granting his request to file the present matter *in forma pauperis* and in the context of his prior motion requesting counsel. (*See* Doc. 3; Doc. 6, 3-5.) Based on its previous analysis relating to Plaintiff's IFP motion, the Court finds that Plaintiff's financial situation would make it impossible for him to afford counsel. (Doc. 6, at 5.)

The second factor is Plaintiff's diligence in searching for counsel. For his current motion, Plaintiff has not used the form motion provided by this District, which includes blanks for Plaintiff to list the attorneys she has contacted to request representation. The motion drafted by Plaintiff does not indicate whether he has spoken to *any* attorneys regarding representation.

Plaintiff did, however, use the Court's form motion when he initially moved for appointment of counsel (Doc. 4). Thus, Plaintiff is aware that he is required to contact at least five attorneys seeking representation before the Court will entertain a request for appointed counsel. (Doc. 6, at 5-6.) As noted in the Court's prior

3

Order, Plaintiff did not speak to the requisite number of attorneys before filing his previous motion. (*See* Docs. 4, 6, at 5-6.) It appears to the Court that he has again failed to do so in conjunction with the present motion. (*See generally* Doc. 17.)

In this situation, the Court may require a plaintiff to revisit this process and confer with the requisite number of attorneys. Given the information presented in Plaintiff's motion, however, the Court finds this to be unnecessary and will address the motion on its substantive merits without requiring Plaintiff to contact the requisite number of attorneys. The Court cannot find that this factor weighs in favor of appointing counsel for Plaintiff.

The next factor is the viability of Plaintiff's claims in federal court. *See* **McCarthy**, 753 F.2d at 838-39 (10th Cir. 1985); **Castner**, 979 F.2d at 1421. As discussed in its prior Order, the Court has serious concerns as to whether the CARES Act provides a private cause of action for which Plaintiff may seek monetary damages. The Court incorporates its prior analysis herein. (*See* Doc. 6, at 6.) *See also* **Steven L. Steward & Assoc. v. Truist Bank**, No. 20-1083, 2020 WL 5939150, at *3 (M. D. Florida, Oct. 6, 2020) (stating "[t]he Court remains doubtful that the CARES Act provides a private right of action") (citing ***Profiles, Inc. v. Bank of America***, No. 20-0894, 2020 WL 1849710, at *4 (D. Md. April 13, 2020)). Again, however, the Court finds that injunctive relief may be available to Plaintiff in federal court. These are determinations to be made by the District

Court.  For purposes of this motion, however, the undersigned Magistrate Judge finds that this factor weighs in Plaintiff's favor.

The Court's analysis thus turns to the final factor – Plaintiff's capacity to prepare and present the case without the aid of counsel.  *Castner*, 979 F.2d at 1420-21.  In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts.  *Id.*, at 1422.

As mentioned above, Plaintiff's present motion enumerates a list of grievances against Defendant relating to his eviction, including the alleged intimidation of himself and other witnesses, and the allegedly improper towing of Plaintiff's car.  (*See generally* Doc. 17.)  That stated, the Court notes that the factual and legal issues in this case are not unusually complex.  *Cf*. *Kayhill v. Unified Govern. of Wyandotte*, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were "not complex").  Further, while frustrating and potentially improper, the allegations Plaintiff makes against Defendant in his present motion do not constitute a basis to appoint counsel.

Simply stated, the Court sees no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* on various types of claims in Courts throughout the United States on any given day.  Although

Plaintiff is not trained as an attorney, and while an attorney might present this case more effectively, this fact alone does not warrant appointment of counsel.  As such, the Motion to Appoint Counsel (Doc. 17) is **DENIED**.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Appointment of Counsel (Doc. 17) is **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 19th day of October, 2020.

                                                S/ KENNETH G. GALE
                                                KENNETH G. GALE
                                                United States Magistrate Judge