### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KENNETH D. MCRAE,** ) | |
| ) | |
| **Plaintiff,** ) | CIVIL ACTION |
| ) | |
| v. ) | No. 20-1194-KHV |
| ) | |
| **HOPE PROPERTIES INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

### MEMORANDUM AND ORDER AND ORDER TO SHOW CAUSE

On July 15, 2020 Kenneth D. McRae filed a pro se complaint against Hope Properties Inc. alleging violations of human rights, civil rights and the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281. This matter is before the Court on defendant's Motion To Dismiss (Doc. #12) filed September 8, 2020.

### Factual Background

On March 27, 2020, the CARES Act became effective. Pertinent to this lawsuit, the Act prohibited landlords of "covered dwellings" from filing eviction proceedings against tenants for non-payment of rent.

Plaintiff's complaint and the attached documents allege as follows:

On June 16, 2020, plaintiff and defendant entered into a lease agreement for property in which plaintiff lives. The lease agreement is labeled "TAX CREDIT LEASE." Paragraph 10 of the lease states that plaintiff's rent is "[s]ubject to the program rent restrictions as governed by HUD and/or IRS."

On June 25, 2020, nine days after plaintiff and defendant executed the lease agreement, defendant filed a petition to evict plaintiff for non-payment of rent in the District Court of

Sedgwick County, Kansas. In the petition, defendant claimed that the property in which plaintiff resided (and still resides) is not a covered property under the CARES Act. In response, on July 15, 2020, plaintiff filed suit in this Court alleging violations of the CARES Act. On July 23, 2020, the state court found that under the CARES Act, plaintiff could not be evicted. Specifically, it found that in signing the lease on June 16th, plaintiff had relied on defendant's representation that the lease was for a covered property and that he could not be evicted for non-payment of rent. At some later point, defendant locked plaintiff out of his apartment despite his high susceptibility to the COVID-19 virus.

Plaintiff seeks a declaration that for the duration of the moratorium established by the CARES Act, he is not responsible for rent and defendant cannot evict him. Plaintiff also seeks $75,000 in damages for emotional trauma, civil rights violations and being locked out of his apartment despite being highly susceptible to the COVID-19 virus.

Defendant asks the Court to dismiss plaintiff's claims for lack of subject matter jurisdiction and failure to state a claim on which relief can be granted.

## Analysis

**I.      Subject Matter Jurisdiction**

Plaintiff asserts federal question jurisdiction under the CARES Act,[1] which, for 120 days from the enactment of the Act, prohibited landlords of a "covered dwelling" from filing eviction proceedings against tenants for non-payment of rent, fees or charges. 15 U.S.C. § 9058(b)(1).

---

[1] Plaintiff also asserts jurisdiction under 28 U.S.C. § 1343. That statute endows federal courts with jurisdiction over cases arising from (1) violations of 42 U.S.C. § 1985, which prohibits conspiracies to interfere with civil rights, (2) deprivations of equal rights occurring under color of State law and (3) violations of civil rights, including the right to vote. Plaintiff, however, makes no factual allegations to support the assertion that defendant violated his civil rights.

The Act also prohibited such landlords from charging late fees or penalties for late payment of rent. 15 U.S.C. § 9058(b)(2). A "covered dwelling" is one that participates in a covered housing program, the rural housing voucher program or has a federally backed mortgage or multifamily mortgage loan. 15 U.S.C. § 9058(a)(2). One such program is the low-income housing tax credit under Section 42 of the Internal Revenue Code. See 15 U.S.C. § 9058(a)(2)(A)(i).

Because the CARES Act was enacted on March 27, 2020, the eviction moratorium expired on July 24, 2020. See 15 U.S.C. § 9058(b)(1).

As noted, plaintiff has attached to the complaint the lease between plaintiff and defendant, which is titled "TAX CREDIT LEASE." It specifies that plaintiff's rents are "subject to the program rent restrictions as governed by HUD and/or IRS." Exhibit 2 to Complaint (Doc. #1). Paragraph four of the lease states that the property must comply with Section 8.27 of Section 504 of the Rehabilitation Act of 1973, which applies to properties that are applying to or receiving assistance from HUD. See 24 C.F.R. § 8.2. Because the lease identifies defendant's property as one in a federally-subsidized housing program, plaintiff has sufficiently alleged that defendant's property is a "covered dwelling" under the CARES Act.

Defendant seeks to dismiss plaintiff's claims for lack of subject matter jurisdiction. It challenges the factual accuracy of plaintiff's allegation that the property is covered under the CARES Act.[2] Defendant argues that as of January 1, 2020, it had transferred its rights and obligations to another entity, and was no longer governed by federal program rent restrictions or

---

[2] Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction generally take the form of facial attacks on the complaint or factual attacks on the accuracy of its allegations. City of Albuquerque v. U.S. Dep't of Interior, 379 F.3d 901, 906 (10th Cir. 2004) (quoting Ruiz v. McDonnell, 299 F.3d 1173, 1180 (10th Cir. 2002)). Here, defendant challenges the accuracy of plaintiff's jurisdictional allegations.

the subsequently-enacted CARES Act. In support, defendant submits an assignment agreement. See Exhibit A to Memorandum In Support (Doc. #13).

When a defendant challenges the facts on which a plaintiff relies to establish jurisdiction, the Court may ordinarily consider documents outside of the pleadings without converting the motion to one under Rule 56. Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995). If the resolution of the jurisdictional question is intertwined with the merits of the case, then the Court must convert the motion to a Rule 56 motion. Id. A jurisdictional question is intertwined with the merits if "subject matter jurisdiction is dependent on the same statute which provides the substantive claim." Wheeler v. Hurdman, 825 F.2d 257, 259 (10th Cir. 1987).

Here, the CARES Act provides both the alleged basis of jurisdiction and the basis of plaintiff's substantive claim. Thus, the Court would ordinarily convert defendant's motion to one for summary judgment under Rule 56 and give plaintiff an opportunity to respond. On its face, however, defendant's assignment agreement does not establish that defendant transferred its rights or that its property is not a covered property. Specifically, defendant does not explain its relation to the parties in the assignment agreement. The Court cannot ascertain whether defendant ("Hope Properties Inc.") is a related entity to the assignor ("H.O.P.E. Properties Associates I, L.P." composed of "MMA Hope Properties, LLC" and "BFIM Special Limited Partner, Inc.") or the assignee ("H.O.P.E. Inc.") or how these entities are related to "HOPE PROPERTIES COMMUNITY" which is the entity identified in the lease as agent of the owner. Accordingly, the Court must overrule defendant's motion to dismiss for lack of jurisdiction.

## II. Failure To State A Claim

Defendant also seeks to dismiss plaintiff's complaint for failure to state a claim. Plaintiff asserts that defendant violated his "human and civil rights and provided (via) false writings and

used federal language in a lease agreement unlawfully." See Complaint (Doc. #1) at 3. Plaintiff does not cite a statute or constitutional provision that defendant's actions allegedly violate. Except for the CARES Act, no such claim is readily apparent from the allegations in the complaint or the attached exhibits. While the Court liberally construes plaintiff's complaint, it is not the Court's responsibility to construct a legal claim for plaintiff. See United States ex rel. Brathwaite v. Kansas, No. 19-2265-KHV, 2020 WL 837431, at *1 (D. Kan. Feb. 20, 2020). Thus, the Court reads plaintiff's complaint as asserting claims for injunctive relief and damages under the CARES Act.

### A. Injunctive Relief

In addition to monetary damages, plaintiff's initial complaint sought a stay of the eviction proceedings and a declaration that he is not responsible for rent during the CARES Act moratorium. After plaintiff filed suit, however, on October 14, 2020, the state court rendered a decision favorable to plaintiff and held that plaintiff could not be evicted. Plaintiff does not allege that defendant has filed another eviction proceeding. Additionally, the CARES Act moratorium expired on July 24, 2020. See 15 U.S.C. § 9058(b)(1).

After the state court decision, plaintiff filed a motion for injunctive relief alleging that defendant had locked him out of his home and continued to demand his eviction, causing plaintiff to suffer seizures and possibly a stroke. Motion For Injunctive Relief (Doc. #17) at 2, 4.

Even accepting such allegations as true, it is not clear that the CARES Act would entitle plaintiff to relief. Its moratorium on evictions expired July 24, 2020, nearly three months before plaintiff filed his motion for injunctive relief. Thus, it is unclear how plaintiff might be entitled to relief under that Act. As such, it appears that this aspect of plaintiff's complaint is moot.

**B.      Damages**

Plaintiff does not allege that defendant is seeking fees, fines or payment of rent that accrued during the moratorium.  Instead, he seeks $75,000 in damages, composed of $25,000 for being locked out of his apartment, $25,000 for civil rights violations and $25,000 for emotional trauma. Complaint (Doc. #1) at 4.

Even if the Court assumes that the CARES Act contains an implied cause of action for monetary damages, it does not appear to encompass the damages which plaintiff seeks.  An implied cause of action for damages would be limited to what Congress intended.  See Alexander v. Sandoval, 532 U.S. 275, 286, 288 (2001) (Congress must intend both private right and private remedy to imply cause of action in statute).  While plaintiff might be able to recover fees or charges that accrued during the moratorium for overdue rent, plaintiff does not plead that he paid such fees or charges.

To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible—not merely conceivable—on its face.  Id. at 679–80; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Plaintiff bears the burden of framing his claim with enough factual matter to suggest that he is entitled to relief; it is not enough to make threadbare recitals of a cause of action accompanied by conclusory statements.  See Twombly, 550 U.S. at 556.  Plaintiff makes a facially plausible claim by pleading factual content from which the Court can reasonably infer that defendant is liable for the alleged misconduct.  Iqbal, 556 U.S. at 678. Plaintiff must show more than a sheer possibility that defendant has acted unlawfully—it is not enough to plead facts that are "merely consistent with" defendant's liability.  Id. (quoting Twombly, 550 U.S. at 557).  A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action or naked assertions devoid

of further factual enhancement will not stand.  Id.   Similarly, where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the pleading has alleged— but has not "shown"—that the pleader is entitled to relief.  Id. at 679.   The degree of specificity necessary to establish plausibility and fair notice depends on context because what constitutes fair notice under Rule 8(a)(2), Fed. R. Civ. P., depends on the type of case.  Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008).

**The Court therefore orders plaintiff to show cause in writing no later than 5:00 PM on Wednesday, January 13th, why his claims for injunctive relief are not moot and why his claims for money damages should not be dismissed as legally insufficient under Rule 12(b)(6), Fed. R. Civ. P.**

**IT IS THERFORE ORDERED** that defendant's Motion To Dismiss (Doc. #12) filed September 8, 2020 is **OVERRULED.  The Court notes that in addition to its jurisdictional challenge, defendant seeks to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  The cases which defendant cites are clearly inapposite, however, and the Court need not specifically address them.**

**IT IS FURTHER ORDERED that on or before Wednesday, January 13, 2021, at 5:00 PM, plaintiff shall show cause in writing why his claims for injunctive relief are not moot and why his claims for money damages should not be dismissed as legally insufficient under Rule 12(b)(6), Fed. R. Civ. P.**

Dated this 4th day of January, 2021 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge